Henry L. CHISOLM, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–515C.

United States Court of Federal Claims.

June 21, 2001.

---

Guy J. Ferrante, Falls Church, VA, for plaintiff.

Lee Freedman, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant, with whom on the brief were Kathleen Zahorik Quill, David M. Cohen, Director, Civil Division, and David W. Ogden, Acting Assistant Attorney General. Major Jennifer Grimm, United States Air Force, Washington, DC, of counsel.

## OPINION

MARGOLIS, Senior Judge.

This appeal of an Air Force Board for Correction of Military Records ("AFBCMR") decision is before the Court on defendant's Motion for Judgment on the Administrative Record on Count I, pursuant to RCFC 56.1, and defendant's Motion to Dismiss Count II for Failure to State a Claim, pursuant to RCFC 12(b)(4). Plaintiff has moved for Judgment on the Administrative Record as to both counts. Plaintiff requests military pay and allowances pursuant to 28 U.S.C. § 1491(a)(2) (2000) and 37 U.S.C. § 204(a) (2000). Plaintiff asks this Court to order the Air Force to delete the 1993 and 1994 promotion non-selections, void plaintiff's 1995 retirement, and have his records reflect that he served on continuous active duty until lawfully separated. After full consideration of the entire record and oral argument, this Court grants defendant's Motion for Judgment on the Administrative Record on Count I and also grants Judgment on the Administrative Record for defendant on Count II.

## FACTS

Plaintiff, Major Henry L. Chisolm, Jr., United States Air Force, retired, served in the United States Air Force Judge Advocate General Corps ("JAG") until June 1, 1995. At that time, he was involuntarily separated, or retired, due to promotion board non-selections to the grade of lieutenant colonel in 1993 and 1994.

Air Force officers periodically receive performance evaluations, known as Officer Performance Reports ("OPRs"). OPRs create a long-term record of an officer's performance. The initial OPR is prepared by a rater, commented on by a second rater, and then evaluated by a reviewer. Thus three people periodically evaluate and provide comments on an officer's performance. OPRs are also used during an officer's promotion recommendation process to assess that individual's promotion potential. Additionally, when an individual is eligible for promotion, a Perfor-

mance Recommendation Form ("PRF") is prepared by the officer's senior rater. The PRF is used to determine potential and to provide a promotion recommendation. A PRF may recommend Do Not Promote, Promote, or Definitely Promote ("DP"). DP recommendations are limited and based on a quota system. Each senior rater may only award a certain number of DPs, regardless of the number of officers that he or she thinks should be promoted. Air Force Regulations ("AFR") 36–10, 4–3(d) ("Definitely Promote recommendations are limited in number to ensure they convey the intended message"); AFR 36–10, 4–3(f) ("Senior raters ... receive a share of the 'Definitely Promote' recommendations based on the number of assigned promotion-eligible officers ...").

Air Force officers compete for promotion by competitive categories. Plaintiff competed within the JAG category. The promotion process consists of promotion evaluation boards. See Convening of selection boards, 10 U.S.C. § 611 (2001); Composition of selection boards, 10 U.S.C. § 612 (2001). JAG officers are considered for promotion before the Lieutenant Colonel Aggregate/Carry-over/Student Non–Line Evaluation Board ("NLEB"). The NLEB gives a promotion recommendation which is forwarded to a Management Level Evaluation Board ("MLEB"), here, the lieutenant colonel promotion board ("central selection board").

Although selection boards are usually comprised of several sub-boards or panels, in this case, the NLEB consisted of one five-member board. Every member individually considers each officer's record and secretly assigns the officer a score between 6 and 10, in ½ point increments. AFR 36–89, A14d(1). Each score reflects that board member's opinion regarding the officer's strength in several categories.[1] With no discussion, the officers' scores are totaled and then arranged from highest score to lowest score in an Order of Merit ("OOM"). The officers are thus ranked. Administrative staff counts from the top of the OOM down, until the

quota of available DP recommendations is exhausted. AFR 36–89, A14g(1). The board members do not know which officers are recommended for promotion. The board members sign a board report to certify that the officers recommended for promotion are those that are best qualified. The report that the board members sign is a blank page.

An evaluation board may not recommend an officer for promotion unless "the officer receives the recommendation of a majority of the members of the board" and "a majority of the members of the board finds that the officer is fully qualified." See 10 U.S.C. § 616(c) (2000). Each selection board must submit a report signed by each board member, that contains a list of recommended officers and certifies "that, in the opinion of a majority of the members of the board, the officers recommended for promotion by the board are best qualified for promotion." See 10 U.S.C. § 617(a) (2000).

In 1993, plaintiff became eligible for a promotion. Colonel Bradley J. DeAustin was plaintiff's initial rater for the OPR and also drafted plaintiff's PRF. Administrative Record ("AR") 92. Colonel John M. Dorger was plaintiff's senior rater and reviewed and signed the PRF. AR 108–09. Colonel DeAustin intended to give plaintiff his "strongest indorsement" for promotion. AR 92. Colonel Dorger wished to give plaintiff a DP rating, but did not have the quota to provide such a rating. AR 108. Therefore, Colonel Dorger was required to send plaintiff's file to an evaluation board for a promotion recommendation. AFR 36–10, 4–3(i) ("Evaluation Boards ... award 'Definitely Promote' recommendations to those officers whose senior rater had too few eligibles to receive a 'Definitely Promote' allocation ...").

The five-member 1993 NLEB first considered plaintiff's record. Plaintiff's 1993 OPR, however, was not included in his record before the NLEB. Colonel DeAustin, a member of the five-person NLEB, realized the OPR's absence and notified Brigadier General Francis Gideon, Jr., the NLEB president. Gener-

---

1. Board members evaluate the officers on criteria such as job performance, leadership, professional competence, breadth or depth of experience, job responsibility, academic and professional education, and special achievements. AFR 36–32.

al Gideon attempted to locate the OPR but was unsuccessful. The NLEB considered plaintiff's record without his 1993 OPR and awarded plaintiff a "Promote" recommendation. The OPR was, however, included in plaintiff's record at the central selection board proceeding. AR 33. The 1993 central selection board subsequently non-selected plaintiff for promotion.

In February 1994, plaintiff applied to the AFBCMR seeking a correction of his record because the NLEB did not have his 1993 OPR when it considered his record. AR 7–9. Plaintiff also asked for promotion reconsideration by a Special Selection Board. *See* 10 U.S.C. § 1552(a)(1) (2001) ("The Secretary ... may correct any military record ... when the Secretary considers it necessary to correct an error or injustice"). The AFBCMR acknowledged that plaintiff's 1993 OPR was not considered by the NLEB and forwarded the complete record to General Gideon for his consideration. AR 4. Upon review, General Gideon stated that "[a]lthough the missing OPR was enthusiastic in its commentary of Major Chisolm's performance, it alone would not have changed the 'Promote' recommendation of the Evaluation Board." AR 13. The AFBCMR denied plaintiff's application on December 19, 1994. AR 6.

Plaintiff sought reconsideration in March 1995. Plaintiff submitted additional evidence including a statement from Colonel DeAustin and memoranda of record of conversations with two NLEB members. AR 89–95. The AFBCMR denied relief in May 1995, stating that it was General Gideon's responsibility to review the complete record and certify whether plaintiff would have been competitive for a DP recommendation. AR 88. The AFBCMR stated that board members' opinions did not overcome General Gideon's statement. *Id.* Further, the AFBCMR noted that plaintiff's senior rater, Colonel Dorger, provided no support for upgrading plaintiff's promotion recommendation. *Id.* In October and December 1995, plaintiff submitted a statement from Colonel Dorger supporting the promotion recommendation upgrade and a statement from Lieutenant General Hosmer supporting plaintiff's promotion. AR

108–10. The AFBCMR denied relief again in April 1996, noting that the senior rater, Colonel Dorger, did not have the quota to award a DP recommendation and thus it was the NLEB's decision which promotion recommendation to award plaintiff. AR 99. On June 16, 1997, plaintiff renewed his challenge emphasizing the standard of proof_ the AFBCMR had imposed upon him, plaintiff's incomplete record before the NLEB, and the lack of substantial evidence to support the AFBCMR's decision. Plaintiff was denied relief for the last time in March 1998. AR 222.

## DISCUSSION

### I. Jurisdiction and Justiciability

Plaintiff seeks military pay and allowances pursuant to 28 U.S.C. § 1491 (2000) and 37 U.S.C. § 204 (2000). Where correction board actions allegedly violate statutes or regulations, this Court has jurisdiction to review the alleged error. *See Skinner v. United States*, 219 Ct.Cl. 322, 332–33, 594 F.2d 824 (1979). Thus, this Court has jurisdiction over plaintiff's claims.

■ Justiciability depends on "whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded." *See Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Review of personnel decisions is appropriate only where the Secretary's discretion is limited, and Congress has delineated tests and standards against which to measure the Secretary's conduct. *See Murphy v. United States*, 993 F.2d 871, 873 (1993). Procedural matters involved in military decisions are justiciable; merits of the decision are not. *See Adkins v. United States*, 68 F.3d 1317, 1322–23 (Fed.Cir.1995). Plaintiff has alleged statutory and regulatory violations in his complaint. This Court finds plaintiff's claims justiciable.

### II. Count I—Alleged Unlawful Non–Selection for Promotion

#### A. Review of an AFBCMR Decision

In reviewing an AFBCMR decision, "strong policies compel the court to allow the

widest possible latitude to the armed services in their administration of personnel matters." *See Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804 (1979). Plaintiff must override the "presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Id.* Additionally, the merits of the decision are beyond the purview of this Court. *See Adkins v. United States,* 68 F.3d 1317, 1322 (Fed.Cir.1995). Therefore, this Court must exercise deference in reviewing the AFBCMR's decision and reverse the decision only if it is "arbitrary, capricious, contrary to law or unsupported by substantial evidence." *See Cole v. United States,* 26 Cl.Ct. 1018, 1023 (1992); *Craft v. United States,* 210 Ct.Cl. 170, 179, 544 F.2d 468 (1976).

■ In seeking correction of his record, plaintiff need not show that but for the alleged error he would have been promoted. *See Dodson v. United States,* 988 F.2d 1199, 1205 (Fed.Cir.1993). Plaintiff must show, however, by cogent and clearly convincing evidence, *see Arens v. United States,* 969 F.2d 1034, 1037 (Fed.Cir.1992), a material legal error or serious injustice *and* a causal nexus between the error and the promotion rejection. *See Engels v. United States,* 230 Ct.Cl. 465, 467–68, 678 F.2d 173 (1982). If plaintiff proves both a material legal error and a causal nexus, then the defendant must show the error was harmless. *See Engels,* 230 Ct.Cl. at 468, 678 F.2d 173.

## B. Merits of the Claim

Plaintiff alleges a material legal error, claiming that his 1993 promotion process violated Air Force regulations requiring consideration of an officer's *entire* record of performance. AFR 36–10, 4–4c ("The officer's record of performance is used throughout the promotion recommendation process to assess performance-based potential as it relates to promotion"); AFR 36–10, 4–13b(2) ("Evaluation boards ... [r]eview the records of performance and PRFs of all ... officers"); AFR 36–10, 4–21e(2)(b) ("Ensures a record of performance on each officer ... is available for review by evaluation board members"); *Weiss v. United States,* 187 Ct.

Cl. 1, 7, 408 F.2d 416 (1969) (an officer's record before a board must be "substantially complete, and must fairly portray the officer's record"). Plaintiff alleges that because his 1993 OPR was missing from his personnel file, his entire record of performance was not considered and his career was inaccurately represented.

Defendant alleges that the promotion process and the AFBCMR complied with Air Force regulations. To change a promotion recommendation, an officer's senior rater must provide specific information about the alleged error or injustice. AFR 31–11, Att 2, 7(x)(1)(b) ("The senior rater is the primary person to substantiate your original PRF contains an inaccurate assessment of your promotion potential"). The evaluation board president must review the corrected record and certify whether it would have been competitive for the higher promotion recommendation without the alleged error. AFR 31–11 Att 2, 7(x)(1)(b) (the "[board] president should certify that compared to other records reviewed during the evaluation board, your record would have been competitive for the revised PRF assessment if the circumstance which caused the original PRF assessment had not existed"). Here, the AFBCMR forwarded the entire record, including the 1993 OPR, to General Gideon, the board president. General Gideon stated that "[al]though the missing OPR was enthusiastic in its commentary of Major Chisolm's performance, it alone would not have changed the 'Promote' recommendation of the Evaluation Board." AR 13. General Gideon stated that plaintiff was not as competitive for promotion compared to the other officers that competed at the NLEB, because plaintiff had remained in the same position since June 1988, received two ordinary OPRs showing a regression from an enthusiastic OPR, and plaintiff's latest PRF was lackluster compared to most PRFs on DP recommendations. AR 6. Therefore, defendant claims that the AFBCMR acted in accordance with Air Force regulations because it forwarded the record to the board president who found that plaintiff's record was not as competitive as the other records before the NLEB, even if the 1993 OPR had been included. AFR 31–11, Att 2, 7(x)(1)(b).

Plaintiff also alleges that the AFBCMR acted arbitrarily and capriciously by relying on General Gideon's statement which was not given in compliance with AFR 31–11. Plaintiff maintains that AFR 31–11, which requires the promotion board president to compare the protested record to other officers' records, was violated because General Gideon did not compare plaintiff's record to any others. The plaintiff therefore claims that it was arbitrary and capricious for the AFBCMR to rely on General Gideon's statement. Plaintiff further alleges that General Gideon cannot speak for the board because his statement is a post-hoc rationalization, and the AFBCMR should have considered plaintiff's harm suffered in the eyes of *all* members of the NLEB. *See Baker v. United States*, 127 F.3d 1081, 1087–88 (Fed.Cir.1997) (one member of the board cannot speak for all members of the board). Additionally, plaintiff claims General Gideon's opinion is in stark contrast to the enthusiastic opinions and reviews by Colonel DeAustin, Colonel Dorger, and Lieutenant General Hosmer.

Defendant asserts that the AFBCMR decision was supported by substantial evidence and was not arbitrary and capricious. Each time the AFBCMR considered the case, it found "insufficient relevant evidence ... presented to demonstrate the existence of probable error or injustice." AR 5. The AFBCMR reviewed plaintiff's and defendant's submissions prior to adopting General Gideon's statement. The AFBCMR stated that it was General Gideon's duty to certify whether the promotion recommendation would have been affected. AR 99. Additionally, the AFBCMR noted that the central selection board could have awarded plaintiff a DP designation, but declined to do so, even though the 1993 OPR was contained in plaintiff's record before that board. The AFBCMR considered statements by Colonel DeAustin that the missing 1993 OPR may have prejudiced plaintiff's promotion consideration and statements from NLEB members citing they were unsure if their recommendation would have changed with the presence of the 1993 OPR. AR 90–99. Four different times the AFBCMR found that plaintiff's 1993 non-selection for promotion was valid. AR 2, 86, 97, 222.

■ Further, defendant alleges that the missing 1993 OPR constitutes harmless error.[2] General Gideon stated that the missing OPR would not have changed the NLEB's recommendation. AR 13. Plaintiff alleges that this opinion is merely a self-serving, post-hoc rationalization. There is, however, a strong presumption that military officers act lawfully and in good faith. *See Sanders v. United States*, 219 Ct.Cl. 285, 302, 594 F.2d 804 (1979); *Lachance v. White*, 174 F.3d 1378, 1381 (Fed.Cir.1999). The defendant alleges that plaintiff has not rebutted this presumption with proof to the contrary. *See Lachance*, 174 F.3d at 1381.

■ Promotion decisions are highly discretionary questions of military judgment and expertise. *See Murphy v. United States*, 993 F.2d 871, 872–73 (Fed.Cir.1993). This Court finds no material legal error in plaintiff's promotion process. The AFBCMR acted in compliance with Air Force regulations by sending plaintiff's record with the 1993 OPR to General Gideon to consider and give his recommendation. AFR 31–11, Att 2, 7x(1)(b); AR 4. Thus, the AFBCMR did not act arbitrarily and capriciously in relying on General Gideon's opinion rendered *pursuant* to Air Force regulations. The AFBCMR reviewed plaintiff's application and all the evidence of record and found "[i]nsufficient relevant evidence ... to demonstrate the existence of probable error or injustice." AR 5. Lastly, plaintiff has not overcome the presumption that military officers "discharge their duties correctly, lawfully, and in good faith." *See Sanders*, 219 Ct.Cl. at 302, 594 F.2d 804. Because the AFBCMR acted in compliance with Air Force regulations, considered carefully the evidence before it, and plaintiff has not overcome the presumption of good faith, this Court finds that the AFBCMR decision was not arbitrary and capricious.

---

**2.** The Air Force admits the 1993 OPR should have been present at the NLEB deliberations. AR 4.

### III. Count II–Alleged Statutory Violations

"The decision to promote an officer, as well as the method by which the decision is made, implicates highly discretionary questions of military judgment and expertise which civilian courts may not second-guess." *Neptune v. United States*, 38 Fed.Cl. 510, 516 (1997); *Murphy*, 993 F.2d at 872–73.

Plaintiff asserts that the 1993 NLEB and central selection board violated 10 U.S.C. § 616(c) (2000) and 10 U.S.C. § 617(a) (2000). Defendant asserts that *Small v. United States*, 158 F.3d 576 (Fed.Cir.1998), *amended by* 180 F.3d 1343 (Fed.Cir.1999), *cert. denied*, 528 U.S. 821, 120 S.Ct. 64, 145 L.Ed.2d 55 (1999), *Fluellen v. United States*, 44 Fed.Cl. 97 (1999), *aff'd*, 225 F.3d 1298 (Fed.Cir.2000), and *Roane v. United States*, 231 F.3d 1348 (Fed.Cir.2000), *amended on reh'g*, 237 F.3d 1352 (Fed.Cir.2001), control and dispose of this issue because they expressly approve of the Air Force promotions process and the panel system in general. Plaintiff argues that *Small* and *Fluellen* are distinguishable because those cases dealt with the inter-panel operation of a multi-panel board, whereas this case involves the *intra*-panel operation of a single-panel board. Although there are slight differences in these cases, "read together [they] convince [the Court] that the reasoning of those cases dictates the outcome in this one." *Roane*, 237 F.3d at 1353.

▮ 10 U.S.C. § 616(c) states: "A selection board convened under 611(a) of this title may not recommend an officer for promotion unless—(1) the officer receives the recommendation of a majority of the members of the board; and (2) a majority of the members of the board finds that the officer is fully qualified for promotion." 10 U.S.C. § 617(a) states: "Each selection board convened under 611(a) of this title shall submit to the Secretary of the military department concerned a written report, signed by each member of the board, containing a list of the names of the officers it recommends for promotion and certifying (1) that the board has carefully considered the record of each officer whose name was furnished to it under 615 of this title, and (2) that, in the opinion of a majority of the members of the board, the officers recommended for promotion by the board are best qualified for promotion ... among those officers whose names were furnished to the selection board."

First, plaintiff alleges that the evaluation system does not yield findings and recommendations as required by 10 U.S.C. § 616(c). Individual board members simply score each officer numerically. The scores for each officer are then added up and placed on the OOM. Promotion recommendations are awarded based an officer's placement on the OOM. Plaintiff claims that placement on the OOM does not constitute findings or recommendations because one member's view of a criterion may be divergent from another member's view of that same criterion, causing different scores even if both members found that officer suitable for promotion. Plaintiff alleges that OOM placement may not coincide with members' actual promotion recommendation and therefore, that findings and recommendations are not produced by this procedure.

Defendant alleges that the Air Force promotion system does yield findings and recommendations. First, the system as a whole is a permissible construction of 10 U.S.C. § 616(c). *See Small*, 158 F.3d at 581 ("the Air Force's interpretation of the statute is a permissible one"); *Fluellen*, 44 Fed.Cl. at 102–03 ("the use of a panel evaluation system in the officer promotion process does not contravene the statutory requirements"). The Federal Circuit found the argument that the scoring system did not create findings and recommendations "unpersuasive." Df Reply, Exh 1, pp 7–9 (appellant's brief in *Small* arguing that the scoring system does not create findings and recommendations); *see Small*, 158 F.3d at 581 ("We have considered these arguments and find them unpersuasive as well"). In order for the Federal Circuit to hold that the process complies with the statute, it implicitly found that findings and recommendations were created by the Air Force evaluation system. This Court similarly finds that findings and recommendations, as required by 10 U.S.C. § 616(c), are created by the Air Force's promotion system.

■ Second, plaintiff claims that the scoring system does not yield a majority consensus as required by 10 U.S.C. § 616(c). Plaintiff asserts that cumulative scoring cannot constitute majority consensus because it is possible for someone to receive a DP recommendation without a majority of the board wanting to award that officer such a recommendation or finding the officer fully qualified.

The Federal Circuit has stated that "the signing of the Board Report as a means for the members to ... express their approval of the recommended candidates ... is permissible under the statutory scheme." *Small,* 158 F.3d at 581. Further, the Federal Circuit approved of the promotion system as a whole, suggesting it implicitly found majority consensus was created. This Court concurs that the scoring system produces majority recommendation as required by 10 U.S.C. § 616(c).

■ Third, plaintiff claims that the scoring system does not provide the certification which is required by 10 U.S.C. § 617(a) ("in the opinion of a majority of the members of the board, the officers recommended for promotion by the board are best qualified"). The board members vote in secret, do not find out the officers' scores, do not find out which officers are promoted, and sign a blank piece of paper. Plaintiff alleges that without personal knowledge of which officers they are recommending, board members cannot certify the promotion recommendations. *See United States v. Beebe,* 180 U.S. 343, 354, 21 S.Ct. 371, 45 L.Ed. 563 (1901) ("Knowledge of the facts is the essential element of ratification"). Thus, plaintiff claims, there is no certification that the majority of the board believes that the officers recommended for promotion are the best qualified. *See* 10 U.S.C. § 617(a).

Defendant alleges that the Air Force promotion board scoring process does produce majority certification. *See* 10 U.S.C. § 617(a). Defendant alleges that *Small* expressly approved of the procedure stating that "the signing of the Board Report as a means for the members to both express their

approval of the recommended candidates and make the *required certification* is permissible under the statutory scheme." *See Small,* 158 F.3d at 581 (emphasis added); *Fluellen,* 44 Fed.Cl. at 103–04 (issue was squarely addressed in *Small* ). Further, the Federal Circuit stated that "[t]he statute does not require that a majority determination be based on a knowing review and conscientious consideration of each officer's record." *Small,* 158 F.3d at 581. "All that is required is a numerical showing that more than half of the board members approved ... of the matter before them." *Id.* This Court thus finds that majority certification, as required by 10 U.S.C. § 617(a), is fulfilled by each board member signing the Board Report.

## IV. Conclusion

For the reasons stated, this Court grants defendant's Motion for Judgment on the Administrative Record as to Count I and also grants Judgment on the Administrative Record as to Count II. Plaintiff's Motion for Judgment on the Administrative Record as to Counts I and II is denied. The Clerk shall enter judgment for defendant. Costs for defendant.