John O. ROANE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 95–413 C.

United States Court of Federal Claims.

June 20, 1996.*

Guy James Ferrante, Falls Church, Virginia, for plaintiff.

Armando O. Bonilla, United States Department of Justice, Washington, D.C., for defendant.

___

## · OPINION & ORDER

HODGES, Judge.

Major John O. Roane retired from the United States Air Force in July 1989 after having been considered but "nonselected" for promotion three times. Plaintiff contends that the procedures used by all three Boards violated 10 U.S.C. §§ 611(a), 616(c), and 617(a) and Department of Defense Directive 1320.9. He seeks reinstatement to active duty and retroactive pay and allowances under 37 U.S.C. § 204. He asks that all references to his nonselection and involuntary retirement be deleted from his record.

▮ Promotions in the military are subject to quotas; many officers of excellent caliber undoubtedly are not chosen for promotion for that reason alone. Plaintiff challenges the procedures by which he was nonselected, not the fact that he was not promoted. We review the process of selection for promotion to determine whether it violates applicable law or regulations. We do not impose criteria for promotion of military officers, but review procedures that may violate Congressional mandate. *See Murphy v. United States,* 993 F.2d 871, 873 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1402, 128 L.Ed.2d 75 (1994); *Sargisson v. United States,* 913 F.2d 918 (Fed.Cir.1990).

---

* This Opinion and Order was filed unpublished on June 20, 1996. Thereafter, plaintiff filed a request for publication pursuant to Rule 52.1(b). We grant this motion, and reissue the Opinion and Order for publication this date, July 26, 1996.

Congress has defined the manner in which selection boards are to be composed and the nature of information furnished to selection boards in making their decision. *See* 10 U.S.C. §§ 611–615. The issue in this case is whether the Air Force has complied with those requirements. We find that it has not.

### I.

The Air Force is authorized to convene selection boards to "recommend for promotion to the next higher grade those officers considered by the board whom the board ... considers best qualified for promotion within each competitive category considered by the board." 10 U.S.C. § 611(a). Department of Defense Directive 1320.9 requires centralized selection of officers:

> To ensure fairness in the promotion selection process ... a single board shall be convened to consider all eligible officers in the same grade and competitive category....

DoDD 1320.9(D)(1)(a) (Sept. 18, 1981). Selection boards must produce written reports signed by each member of the board containing a list of names of officers recommended for promotion and "certifying (1) that the board has carefully considered the record of each officer ... and (2) that, in the opinion of a majority of the members of the board, the officers recommended for promotion by the board are best qualified...." 10 U.S.C. § 617(a). The Air Force has not followed the literal requirements of applicable statutes or regulations.

The Air Force divided the selection board into several panels. Each panel received records that had been distributed randomly by reverse social security number and it reviewed those records. Then it ranked candidates in order of merit. Records of officers who were closely competitive and for whom promotion was deemed questionable by the panel—that is, records that were relatively equal in score above or below the cutoff line for promotion—were rescored to obtain a "workable order of merit." No records were distributed to other panels for a comparison of candidate qualifications.

Each panel recommended the top candidates from the records it reviewed. The number of candidates it recommended for promotion was determined by the number of records the panel reviewed. A panel could recommend a percentage of the overall number of candidates to be promoted in a given competitive category.

The question presented in this case is whether dividing the records of promotion candidates in the same competitive category among panels that make up the selection board violates 10 U.S.C. §§ 611, 616, 617(a) and Department of Defense Directive 1320.9. Because the selection board is divided into panels, the possibility exists that candidates who would be recommended for promotion by the whole board would not be recommended by a panel. Furthermore, the ability of the board members to comply with the certification requirement of § 617 is called into question because records were not shared with other panels. Defendant contends that the error created by using panels is statistically insignificant and that § 617 is satisfied by each panel member having certified the integrity of the promotion process in which he or she has participated.

The Air Force has taken precautions to ensure consistency of results among panels. It trains board members for consistency in scoring and samples records given to each panel to determine if records are of equal quality. The Selection Board Secretariat staff and the board president review sample "gray-zone" records from panels. The board president compares the list of officers recommended for promotion from the panels with a list of scores from Officer Effectiveness Reports. Defendant contends that these procedures solve any statutory problems that may pertain.

The problems that the Air Force claims to have resolved by its precautions are self-inflicted. They are the result of a clear departure from the statute and regulations. Plaintiff is entitled to judgment because the selection procedure does not satisfy the requirements of the Act.

The safeguards do not reduce the chance of error to a satisfactory level. The Air Force has addressed only one variable that creates a chance of error in this process.

Distribution of the records is not the only problem. The fact that panel determinations are subjective means that the distribution of board members among panels is also important. If the panel does not represent the makeup of the entire board, another possibility of error is introduced. Each board member must make subjective value judgments. The possibility of error exists because members with various predispositions cannot be distributed randomly among the panels. The Air Force has not addressed this effect in its studies of the process.

## II.

■ The principal problem of the adopted system remains that the board as a whole did not review all the records of candidates in the same competitive category. Neither the governing statute nor DoD Directive 1320.9 provides for panels in this circumstance. Section 616 requires that *the board* carefully consider the record of each candidate for promotion. Those candidates recommended for promotion are the ones whom *the board* considered best qualified within each competitive category reviewed *by the board*. The DoD Directive requires that a single board consider all eligible officers in the same competitive category to ensure fairness in the promotion process. DoDD 1320.9(D)(1)(a). The system used by the Air Force does not allow each board member to consider the record of each eligible officer. This is required both by the statute and by the directive.[1]

The Air Force system is contrary to the stated purpose of the statute and the regulations. That purpose is to ensure centralization and fair competition among candidates within the same competitive category in the promotion process. The statute requires that the board certify that those recommended for promotion are "best qualified" in the opinion of the majority of the board. This certification cannot be accomplished under the Air Force procedure. Individual board members do not review all of the records and they cannot certify that the offi-

cers recommended are those "best qualified." Defendant's interpretation of this requirement cannot satisfy the substantive duty imposed on board members. Nothing in the regulation permits reviewing officers to rely on the judgment of their colleagues in certifying that a candidate is "best qualified." The panels cannot act as rubber stamps for decisions made by others.

## III.

■ The Air Force procedures used during the 1985, 1986, and 1987 Lieutenant Colonel Selection Boards violated 10 U.S.C. § 616 and 617 and DoD Directive 1320.9. No doubt the administrative burden imposed by requiring each board member to review each candidate for promotion is greater than that created by the system that has been adopted by the Air Force. However, neither Section 617 nor the directive addresses efficiency. Congress placed this responsibility on the services to ensure centralization and fairness in the process. An agency cannot evade a statute or regulation to make the process less burdensome on itself.

Plaintiff's nonselections during the 1985, 1986, and 1987 reviews are void. Defendant claims we cannot reinstate plaintiff because he is too old for his grade. Plaintiff was discharged involuntarily as a direct result of twice being nonselected for promotion in his grade. The process by which he was nonselected violated Congressional mandate and DoD's own procedures. A court cannot ignore a claim for redress in such circumstances. *See Doyle v. United States,* 220 Ct.Cl. 285, 599 F.2d 984 (1979) (en banc), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980).

Counsel requested an opportunity to brief the proper remedy in this situation. Those arguments may be filed concurrently no later than July 19.

---

1. The legislative history supports this conclusion. Section 617(a) requires that "at least a majority of the members have found that those officers who are recommended for promotion are the best qualified...." SEN.R. NO. 375, 96th Cong., 1st Sess. 19 (1979).