**John O. ROANE, Plaintiff–Appellee,**

v.

**UNITED STATES, Defendant–Appellant.**

**No. 00–5015.**

United States Court of Appeals, Federal Circuit.

Decided Nov. 3, 2000.

Guy J. Ferrante, King & Everhard, P.C., of Falls Church, Virginia, argued for plaintiff-appellee.

Armando O. Bonilla, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC., argued for defendant-appellee. With him on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, Assistant Director. Of counsel was James M. Kinsella, Deputy Director. Of counsel on the brief was Lt. Col. Ralph A. Bauer, Chief, Military Personnel Branch, Office of General Counsel, General Litigation Division, United States Air Force, of Arlington, Virginia.

Before PLAGER, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PLAGER, Circuit Judge.

The United States appeals the judgment of the Court of Federal Claims, which held that the method used by the United States Air Force ("Air Force") in awarding promotions was invalid because it was inconsistent with various statutes and a Depart-

ment of Defense ("DoD") Directive. *See Roane v. United States,* 36 Fed. Cl. 168 (1996). The Court of Federal Claims awarded reinstatement with back pay to Major John Roane, on the grounds that the Air Force Promotion Review Boards that denied his promotion were illegally constituted. Because the decision of the Court of Federal Claims is inconsistent with binding precedent subsequently issued by this court, we reverse. Before the Court of Federal Claims, Major Roane challenged the legality of the Air Force Promotion Review Boards that denied him promotion, on the grounds that they were divided into smaller review panels, which he alleges is contrary to the dictates of 10 U.S.C. §§ 616 and 617 (1994), as well as DoD Directive 1320.9 (Sept. 18, 1981). The Court of Federal Claims held for Major Roane, stating: "Neither the governing statute nor DoD Directive 1320.9 provides for panels in this circumstance.... The Air Force System is contrary to the stated purpose of the statute and the regulations." 36 Fed. Cl. at 170. However, the Court of Federal Claims rendered its decision before the issuance of our opinion in *Small v. United States,* 158 F.3d 576 (Fed. Cir.1998). In *Small,* we held that the Air Force's division of its Promotion Review Boards into smaller panels was a permissible interpretation of §§ 616 and 617, as well as consistent with DoD Directive 1320.9. *Id.* at 581; *see also Fluellen v. United States,* 225 F.3d 1298 (Fed.Cir. 2000). Because it is contrary to this binding precedent, the decision of the Court of Federal Claims is

*REVERSED.*