**John O. ROANE, Plaintiff–Appellee,**

v.

**UNITED STATES, Defendant–Appellant.**

**No. 00–5015.**

United States Court of Appeals, Federal Circuit.

Jan. 29, 2001.

Guy J. Ferrante, King & Everhard, P.C., of Falls Church, VA, argued for plaintiff-appellee.

Armando O. Bonilla, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellant. With him on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, Assistant Director. Of counsel on the brief was Lt. Col. Ralph A. Bauer, Chief, Military Personnel Branch, United States Air Force, Office of the General Counsel, of Arlington, VA. Of counsel was James M. Kinsella, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before GAJARSA, Circuit Judge, ARCHER and PLAGER, Senior Circuit Judges.

*ORDER*

PLAGER, Senior Circuit Judge.

The Petition for Rehearing is GRANTED, for the limited purpose of revising the Opinion to read:

The United States appeals the judgment of the Court of Federal Claims, which held that the method used by the United States Air Force ("Air Force") in awarding promotions was invalid because it was inconsistent with various statutes and a Department of Defense ("DoD") Directive. *See Roane v. United States,* 36 Fed.Cl. 168 (1996). The Court of Federal Claims awarded reinstatement with back pay to Major John Roane, on the grounds that the Air Force Promotion Review Boards that denied his promotion were illegally

constituted. Because the decision of the Court of Federal Claims is inconsistent with precedent subsequently issued by this court, we reverse.

Before the Court of Federal Claims, Major Roane challenged the legality of the Air Force Promotion Review Boards that denied him promotion, on the grounds that they were divided into smaller review panels, which he alleges is contrary to the dictates of 10 U.S.C. §§ 616 and 617 (1994), as well as DoD Directive 1320.9 (Sept. 18, 1981). The Court of Federal Claims held for Major Roane, stating: "Neither the governing statute nor DoD Directive 1320.9 provides for panels in this circumstance.... The Air Force System is contrary to the stated purpose of the statute and the regulations." 36 Fed. Cl. at 170. However, the Court of Federal Claims rendered its decision before the issuance of our opinions in *Small v. United States*, 158 F.3d 576 (Fed.Cir.1998) and *Fluellen v. United States*, 225 F.3d 1298 (Fed.Cir.2000). In *Small*, we held that the Air Force's division of its Promotion Review Boards into smaller panels was a permissible interpretation of §§ 616 and 617. 158 F.3d at 581. In *Fluellen*, we came to the same conclusion with regard to DoD Directive 1320.9. 225 F.3d at 1301. Although *Small* did not directly address the DoD Directive, and *Fluellen* is distinguishable on its facts, the two cases read together convince us that the reasoning of those cases dictates the outcome in this one. Accordingly, because the judgment of the Court of Federal Claims is to the contrary, that judgment is *REVERSED*.