300 F.3d 1361
 Joseph C. CAMPA, Wayne S. Airmet, Mario P. Alfonsi, Randolph P. Allen, Steven R. Allison, James P. Anderson, Michael L. Anderson, John M. Archield, Johnny D. Ayo, Richard D. Ballas, Donald G. Baker, Robert L. Baltzer, Robert E. Barb, Michael K. Barber, Marya M. Bard, William D. Barker, Richard C. Beaman, Lee R. Beard, David W. Bearden, Lisa Mara Bell, Robert D. Bell, Scott W. Beyer, Michael G. Birdsong, Ricky A. Blakely, Betty Borders, Arthur L. Bouck, John L. Boudreaux, Keith E. Bowman, William J. Brisendine, Lewis A. Brooks, Harold M. Broth, Brett C. Brown, James H. Brown, Rickie L. Brown, Terry Brown, Loyd Bryant, Charles Buchanan, Dann A. Buche, Richard W. Buckingham, Leslie S. Buerki, Leo R. Bukowski, Marcus L. Burgher, Scott Butcher, Ardell G. Camacho, Harris Capps, Kenneth W. Carlson, Odis A. Carmon, Lance T. Carroll, David E. Carter, Teresa Carter, Thomas Catlett, Sidney E. Chatterly, Bruce Chillion, John A. Chodacki, Dennis Clark, Albert T. Cloud, William R. Clough, Gregg N. Clymer, Jimmy Ray Coffer, George W. Coggin, Alan N. Coker, Gregory C. Coker, James E. Colotta, Robert W. Colvin, Clare L. Conley, Bert Correll, Malcolm G. Cozort, Paul S. Craig, John L. Crawley, Wayne E. Crenwelge, Gerald S. Crocker, Douglas A. Crone, Jack R. Cyrus, Willie G. Darden, Richard G. Darenberg, David L. Davenport, Susan E. Davenport-Goolsby, John R. Davis, John D. DeBlock, Thomas J. DeClue, Charles H. Dean, Charles R. Dobbins, David T. Doerffel, Steven J. Donaldson, Lee J. Douet, Glen B. Downey, Christopher G. Dunham, William A. Eason, James Echols, Ika K. Edwards, Mark S. Edwards, Stephen J. Enzweiler, Jay D. Evans, Dale E. Falk, Scott H. Faulring, David S. Fenton, John S. Ferrell, Bruce R. Ferries, William W. Fink, Ronald E. Fish, Stuart D. Fisher, Karl J. Flusche, Schahresad Forman, Mark Fredrick, Robert A. French, Michael D. Frye, David A. Frymire, Dennis Funnemark, John H. Gabbert, Francis M. Gahren, Ted A. Gallagher, Leonard R. Garcia, Joseph A. Garnett, Geoff G. Gavrilla, Alan W. Gibbs, Brian J. Giles, James A. Godard, Evelio A. Gonzalez, Michael S. Goodman, La-Goge W. Graham, Frank A. Gray, George R. Gray, Jack A. Green, Stephen Green, Jo C. Greenmyer, Richard A. Griffith, David N. Griffiths, Dale R. Gross, William Gross, Theodore F. Guild, Stephen H. Gunderson, Allan G. Hagelthorn, John Hall, David A. Hannington, Steve Hardersen,
Thomas L. Harper, Judith A. Harris, Donald L. Harrison, Martin T. Harrison, Michael A. Harrison, James E. Hatcher, Patricia A. Hatcher, Justin H. Heath, Carl J. Hegedus, Craig C. Henschen, Mark D. Hensley, Bonifacio Hernandez, Dennis M. Hesse, Travis J. Hestilow, John C. Heyne, Keith A. Hicks, Gregory A. Hight, Lewis Hill, Lawrence Hill, Randall A. Hill, George W. Hodyno, Jolly Holden, Gregory W. Hood, Don W. Hoover, Phyllip B. Huffman, James D. Hughes, James J. Hughes, Waller S. Hunt, Paul B. Hurdle, Sonya M. Hutchins, Dennis N. Hutchings, Gary Jackson, Napoleon Jackson, Edward B. Janesko, Donald W. Johnson, Edward C. Johnson, Gilbert P. Johnson, Gregory S. Johnson, Eric J. Johnston, Yvan R. Jolin, Larry C. Jones, Michael N. Jones, Howard L. Joseph, Craig A. Kanske, John A. Kardach, Wade J. Kearns, Steven J. Keith, Steven R. Keller, Jeffrey L. Kiner, David L. Kipfer, Kenneth E. Kleid, Robert C. Knarr, William M. Kohnke, Kevin W. Kozlowski, Robert L. Krause, Timothy A. Krause, Jeffrey A. Krinock, John Kyriazis, Lynn R. Langer, Richard Lasky, Bertha M. Lawrence, Carol M. Laymance, Dennis A. Lee, Lonnie Leibbrand, Jeff Leknes, Peter S. Lemaire, Samuel E. Lewis, Gerald A. Livingston, Kenneth F. Long, Gordon A. Love, Donn N. Lund, James D. MacGuffie, Robert C. McCabe, Anthony A. McCoy, Steven M. McDermott, Phillip A. McDevitt, Raymond P. McDoulett, Michael T. McElhinney, David E. McGarry, David G. McGinnis, Glenn R. McGowan, James W. McLaurin, Anthony R. McPheeters, Walter M. Mallory, Minnis V. Mansur, Joe Mariotti, Thomas S. Marshall, Richard L. Martin, Roger C. Matteson, Gail E. Matthews, Stephen F. Mature, Michael P. Mekanik, Richard Meyer, Robert C. Michel, James Miklasevich, Phillip H. Miller, Michael Miller, Robert L. Miller, Mark E. Millican, Steven L. Millican, Pamela Minton, Kenneth L. Morgan, Thomas O. Muehlenweg, Brian D. Mundt, Brian S. Murff, James C. Murphy, Kevin A. Murphy, Thomas V. Murphy, William F. Murray, Robert M. Navarro, William D. Neal, Jeffrey R. Neel, David B. Netterville, Kathleen S. Nokes, Randall A. Nordhagen, Steven W. Obendorf, Francis D. Odle, Leland D. Oliger, Barbara Osburn, John K. O'Mara, Richard J. O'Shea, Don R. Parker, John J. Paschkewitz, James G. Pasierb, Kevin M. PeGan, Robert J. Pekny, Wayne E. Perrin, Joel J. Petkovich, Lawrence E. Pfeifer, William B. Pickerill, Donald F. Pickett, Peter M. Pino, Michael K. Pomphrey, Judy Ponder, Thomas J. Pope, Carmen S. Powers, Alan D. Preisser, Raymond L. Pulsifer, Richard J. Quinnette, Terry R. Rasmussen, Roger W. Rawls, James E. Ray, Ivan D. Redford, Walter C. Reiker, John P. Reilly, Clifford A. Reinke, Joy L. Riggleman, Richard V. Robbins, Danny P. Robertson, James Robicheaux, Paul D. Romanick, William Roper, Gregory T. Rosalia, John F. Rosenbaum, Michael E. Ross, Richard R. Ross, Jessie T. Rush, Richard W. Rush, David C. Sampson, Robert M. Sampson, Troy L. Sanders, Michael J. Santi, Jose R. Santiago, John A. Schmit, William P. Schomas, Alexander D. Schramm, Donald H. Schubring, Douglas E. Sears, Calvin T. Shackleford, Bradford N. Shai, Richard C. Shaw, Stephen M. Shub, Donald B. Shull, Phillip J. Simpson,
John G. Sletten, James W. Smart, Terry L. Smart, Noel M. Smith, John D. Snoddy, Reid A. Squier, Robert Alan Starks, James A. Stevens, James R. Stevens, Robert J. Stewart, Jr., Terry E. Stine, Edward L. Strom, Harold C. Stuart, Peter David Summer, Leslie W. Sutton, Scott A. Swanson, James M. Takos, Iverson H. Taylor, Paul Taylor, Daniel R. Thirkill, Oatice M. Thomas, Suzanne D. Tibbs, Charles W. Tootle, Anthony B. Torres, Melvin D. Townsend, Thomas J. Tritz, William R. Troegner, Peter Tully, Jason E. Tyler, Russell E. Valley, Michael D. Vargo, David C. Venus, Allen N. Vickrey, Karen B. Wade, Steven J. Walke, Frederick E. Watson, Kenneth C. Wells, Mark C. Weston, Russell O. Wheeler, Hugh K. Whisted, Johnston H. Wickham, Glen L. Williams, Jeffrey H. Williams, James M. Willis, Gary L. Wilson, Gerald L. Witter, David A. Wolff, Kent P. Wood, Jerry W. Woods, Terry Woods, Michael B. Wortham, Richard H. Wraith, Lewis A. Wright, William D. Wright, Joseph L. Wyllie, Peter C. Yansza, Thomas L. Yost, Roger L. Youngblood, Nick T. Zarras, and Barry M. Zetsch, Plaintiffs-Appellants,
v.
UNITED STATES, Defendant-Appellee.
 No. 02-5017.
 United States Court of Appeals, Federal Circuit.
 Decided: August 9, 2002.
 
 Guy J. Ferrante, King & Everhard, P.C., of Springfield, VA, argued for plaintiffs-appellants.
 J. Reid Prouty, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, argued for defendant-appellee. On the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, Bryant G. Snee, Assistant Director; and Lee J. Freedman, Trial Attorney.
 Before MICHEL, SCHALL and LINN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Joseph Campa and 367 other former Air Force Officers appeal from a summary judgment by the United States Court of Federal Claims holding that (1) precedent foreclosed Plaintiffs' claims that, as implemented, the Air Force promotion board system — under which Plaintiffs did not obtain a promotion in rank and thus had to separate from the military — violates 10 U.S.C. §§ 616(c), 617(a); and (2) the promotion board system also does not violate other governing statutes and regulations, including 10 U.S.C. §§ 611(a), 612(a)(1), 613, 615(a)(3), 618(f) and 621. Campa v. United States, 50 Fed. Cl. 300, 303-05 (2001).
 
 
 2
 On appeal, Campa focuses on 10 U.S.C. §§ 616(c) and 617(a) only, arguing that the trial court erroneously likened his case to binding precedent and that both these statutes require a knowing approval and certification by at least a majority of the promotion board members, not just those members whose smaller panel happened to review, score and recommend a particular officer for promotion. Because our decision in Small v. United States, 158 F.3d 576, 580-81 (Fed.Cir.1998) squarely rejected any requirement that a majority of board members have personal knowledge of those selected for promotion, we affirm.
 
 
 3
 * We do not and need not recount at length the procedures employed by the Air Force promotion boards, the specifics of which our court has detailed in Small, 158 F.3d at 578-79, and other recent precedents. For purposes of this appeal, we need only recite that, in its discretion, the Air Force has promulgated regulations that divide each convening promotion board into various, smaller panels. AFR 36-89 (April 1992). Each of the board's panels then scores a proportionate share of the total records of those officers eligible for promotion. Each record is then ranked according to the total score assigned to it by the panel relative to the other records scored, with the highest scored record being ranked first and so on.
 
 
 4
 The panels then each apply a proportionate quota to all the records that each panel considered, thereby selecting and recommending for promotion the highest-scoring officers until the panel reaches its promotion quota's cut-off point. The panel also re-scores records that fell into the "gray zone," i.e., those records that had the same total score and were at the cut-off point for promotion. After each panel finally identifies the officers selected and recommended for promotion, a statutorily required written report is compiled. See 10 U.S.C. § 617.
 
 
 5
 Each board member signs this report, thereby certifying to the Secretary of the Air Force that all the candidates listed therein represent the "best qualified" for promotion. As a result of this process, board members recommend many officers for promotion even though only certain of those members — namely, the ones on a particular panel — may have reviewed and scored those particular officers' respective records.
 
 
 6
 In this case, Plaintiffs are former Air Force officers who were considered under the system described above but did not receive a promotion. Consequently, they allege, they had to involuntarily separate from military service, since a promotion would have otherwise entitled them to continue serving in the Air Force. Plaintiffs seek correction of their military records and back pay.
 
 II
 
 7
 We reject Plaintiffs' claims and uphold the trial court's summary judgment. As that court explained, precedent precludes Plaintiffs' claims that the Air Force's promotion system contravenes the statutory requirements set forth in 10 U.S.C. §§ 616(c), 617(a), as neither provision requires that a majority of board members have personal knowledge of those officers selected and recommended for promotion.
 
 Section 616(c) provides that:
 
 8
 A selection board convened under section 611(a) of this title may not recommend an officer for promotion unless — (1) the officer receives the recommendation of a majority of the members of the board; and (2) a majority of the members of the board finds that the officer is fully qualified for promotion.
 
 
 9
 (Emphases added.) Section 617(a), meanwhile, provides that:
 
 
 10
 (a) Each selection board convened under section 611(a) of this title shall submit to the Secretary of the military department concerned a written report, signed by each member of the board, containing a list of the names of the officers it recommends for promotion and certifying (1) that the board has carefully considered the record of each officer whose name was furnished to it under section 615 of this title, and (2) that, in the opinion of a majority of the members of the board, the officers recommended for promotion by the board are best qualified for promotion to meet the needs of the armed force concerned ... among those officers whose names were furnished to the selection board.
 
 
 11
 (Emphasis added.) Interpreting these provisions, including the language emphasized above, we held in Small that because the statutes did not address whether the board could divide itself into smaller panels, with each panel reviewing a proportionate share of the total number of records considered, the Air Force could reasonably conduct the promotion board system in this manner. 158 F.3d at 581 (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Moreover, we emphasized that the Air Force could lawfully use these panels even though, as a result, only one of the board's panels would have reviewed and thus would know about any one of the candidates recommended for promotion:
 
 
 12
 The statute does not require that a majority determination be based on a knowing review and conscientious consideration of each officer's record. Nothing in the plain language of the statute requires first-hand knowledge on the part of the deliberators of an officer's record. All that is required is a numerical showing that more than half of the board members approved or disapproved of the matter before them. * * * In addition, using the signing of the Board Report as a means for the members to both express their approval of the recommended candidates and make the required certification is permissible under the statutory scheme as well.
 
 
 13
 Id. (emphasis added); accord Fluellen v. United States, 225 F.3d 1298, 1301 (Fed. Cir.2000) (relying on Small and rejecting claims that 10 U.S.C. §§ 616(c), 617(a) forbid the use of board panels to consider records of the officers eligible for promotion, as opposed to having all the board members review every record); Roane v. United States, 237 F.3d 1352, 1353 (Fed. Cir.2001) (same).
 
 
 14
 Notwithstanding this precedent, counsel for Campa and the other Plaintiffs — the same counsel as in Small, Fluellen and Roane, supra, among others — insists that the arguments here differ. Specifically, he argues that the evidence in this case, not present in Small, "demonstrates that the `consensus-by-ratification' theory underlying Small is untenable," thereby rendering Small "factually distinguishable" and "clearly erroneous." (Appellants' Br. at 13.) In support of this theory, Campa points to the deposition testimony and declarations of a board member and an officer assigned to ensure compliance with board procedures, both of whom aver that board members "had no knowledge whatsoever about a majority of the officers" considered and recommended for promotion. (Id. at 14.) Along these same lines, Campa asserts that the term "certifying," as used in 10 U.S.C. § 617(a), contemplates that a majority of the board members sign and thereby certify the report presented to the Secretary only if they can give a knowing and meaningful assurance about all the officers recommended for promotion. (Id. at 16-18.) As Campa sees it, the Air Force cannot satisfy 10 U.S.C. § 617(a) when board members "merely go through the motions of unknowingly signing their names to what amounts to nothing more than an attendance roster." (Id. at 18.)
 
 
 15
 We disagree. As explained in Small, nothing in either § 616(c) or § 617(a) bars the Air Force promotion board from using panels to review and select for promotion a proportionate share of the total records under consideration. Further, it matters not that board members have "no knowledge whatsoever about a majority of the officers" recommended for promotion. Put simply, the Small court made it abundantly clear that a majority of the board members need not have knowledge of all the officers recommended for promotion: "The statute does not require that a majority determination be based on a knowing review and conscientious consideration of each officer's record. Nothing in the plain language of the statute requires first-hand knowledge on the part of the deliberators of an officer's record. All that is required is a numerical showing that more than half of the board members approved or disapproved of the matter before them." 158 F.3d at 581.
 
 
 16
 The same reasoning and precedent preclude Campa's argument about the certification required by section 617(a). Indeed, in Small, we likewise confronted and rejected the argument, essentially parroted by Campa here (Appellants' Br. at 18), that the "current process is no more than an empty ritual" and "that § 617(a) is violated when (a) none of the members know whom they are `recommending' for promotion and (b) board members affirm their faith in the selection board process rather than certifying the existence of a majority consensus about the officers who are best qualified for promotion." See 158 F.3d at 580. In short, when the Small court held that nothing in this statute required that a majority of board members have knowledge of all the records recommended for promotion, it was plainly referring to § 616(c) and § 617(a) in their entirety. 158 F.3d at 580-81. Absent a good-faith argument to overturn our prior interpretation of these provisions, neither Plaintiffs nor any future parties suing the government on the same or similar grounds can reasonably assert that any term in § 616(c) or § 617(a) imposes a knowledge requirement.
 
 
 17
 Last, to the extent that Plaintiffs attempt to undermine the bases underlying Small, it goes without saying that we, a panel, lack the authority to overturn precedent, let alone deem it "clearly erroneous." (Further, we upheld the summary judgment granted in Small, meaning the "clearly erroneous" standard, a standard ordinarily reserved for fact finding, did not apply either there or here. See RCFC 52(a).) As with all parties seeking to overturn the precedent of our court, Plaintiffs would likely need to seek en banc consideration of this issue, see generally Fed. Cir. R. 35(a).
 
 III
 
 18
 For the reasons stated above, we affirm the trial court's grant of summary judgment.
 
 
 19
 
 AFFIRMED.