DECISION
GAJARSA, Circuit Judge.
Major Philip King appeals from the United States Court of Federal Claims, which granted the government’s motion for summary judgment and denied Major King’s cross-motion for summary judgment. King v. United States, 50 Fed. Cl. 701 (2001). We affirm because we agree with the Court of Federal Claims that the Air Force’s method of recommending officers for promotion does not violate 10 U.S.C. §§ 616 and 617 (2000) and that the issue of Major King’s reassignment to another Air Force Base was nonjustieiable.
BACKGROUND
The background facts of this case are fully set forth in the opinion of the Court of Federal Claims. See King, 50 Fed. Cl. at 702-03. The salient facts, however, are noted here. In 1988, Major King was transferred from Minot Air Force Base in North Dakota, where he was serving as Chief of Airfield Management, to Offutt Air Force Base in Nebraska, where he eventually was assigned to the position of Plans Officer.
In 1989 and 1990, Major King was considered for promotion to Lieutenant Colonel, but not promoted. He was mandatorily retired from the Air Force in 1992 because he twice failed to be promoted to the next higher grade. See 10 U.S.C. § 632 (2000). The manner in which officers were recommended for promotion by the Air Force promotion boards in 1989 and 1990 is likewise detailed in the Court of Federal Claims opinion. See King, 50 Fed. Cl. at 703-04. Briefly, the Air Force promotion board in the pertinent years operated in five-member panels, among which records of the officers under consideration for promotion were divided randomly. Each member within the panel assigned to each record a numerical score, which was added to yield a total score. This total score was ranked relative to other total scores within the same panel. Subject to adjustment upon request of the board president, the total scores were used to select officers to be recommended for promotion, from highest to lowest scores, until each panel’s quota of officers was exhausted. Panel members also voted on one single record as to whether it was “fully qualified”; if so, all higher-scored *932 records were deemed “fully qualified” as well. Finally, each member signed a board report subsequent to which an alphabetized list of the officers recommended was appended.
After being denied relief three times from the Air Force Board for Correction of Military Records, Major King filed suit in the Court of Federal Claims on July 23, 1996, seeking back pay, allowances and other benefits, as well as reinstatement to active duty. Between October 7, 1996 and December 12, 1999, the case was stayed pending decision by this court in Small v. United States, 36 Fed. Cl. 43 (1996), aff'd, 158 F.3d 576 (Fed.Cir.1998), and Roane v. United States, 36 Fed. Cl. 168 (1996), rev’d, 237 F.3d 1352 (Fed.Cir.2001). After the stay was lifted, the Court of Federal Claims addressed Major King’s claims. See King, 50 Fed. Cl. 701. The court first rejected Major King’s assertion that the Air Force’s method of selecting officers for promotion violated 10 U.S.C. §§ 616 and 617 (“the promotion issue”). King, 50 Fed. Cl. at 708. Then, as to Major King’s argument that his reassignment to Offutt Air Force Base was illegal (“the assignment issue”), the court determined that the question of reassignment was nonjusticiable. Id. at 709. The court accordingly granted summary judgment to the government and denied Major King’s cross-motion for summary judgment. Id. at 711. After denial of reconsideration, King, No. 96-439C (Nov. 29, 2001), King timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).
STANDARD OF REVIEW
This court reviews de novo questions resolved on summary judgment. Small v. United States, 158 F.3d at 580 (citations omitted). Summary judgment is appropriately granted by the Court of Federal Claims if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. Cl. R. 56(c):
DISCUSSION

I. The Promotion Issue

Generally, Major King asserts that the Air Force promotion board processes during the years he was passed up for promotion violated 10 U.S.C. §§ 616(c) and 617(a), which govern selection boards to recommend military officers for promotion. Section 616(c) requires that (1) an officer recommended for promotion receive this recommendation from a majority of members of the board and (2) a majority of the members of the board find that the officer is “fully qualified” for promotion. 10 U.S.C. § 616(c) (emphases added). Section 617(a) requires that the selection board submit a written report, “signed” by each member of the board, “certifying” that a majority of the members of the board have found the recommended officer as best qualified for promotion. 10 U.S.C. § 617(a) (emphases added).
First, Major King argues that the manner in which the promotion board determines which officers are “fully qualified” for promotion does not meet the requirement under 10 U.S.C. § 616(c)(2) that a majority of the members of the board must find that all officers recommended for promotion are “fully qualified” for promotion. See 10 U.S.C. § 616(c)(2). In practice, each panel votes on a single record as to whether that record is “fully qualified.” If so, all higher-scored records are also assumed to be “fully qualified.” Major King takes issue with this process, presenting a mathematical scenario in which one record may receive three scores of 7.5, an 8.5 and a 9, while another record may receive three 8s and two 7.5s, such that the total respective scores are 39 and *933 40. Major King reasons that this method of determining which officers are “fully qualified” is flawed because a majority of the sub-panel members found the latter record to be more qualified than the former. We note that this same mathematical argument was made in the appellant’s brief in Small, and that nonetheless this court upheld the sub-panel system adopted by the Air Force promotion boards. See Small, 158 F.3d at 581. We are similarly unpersuaded by Major King’s argument here.
Major King additionally argues that the Air Force conceded the flaws in its method of determining “fully qualified” officers in its brief in Curtis v. Peters, 107 F.Supp.2d 1 (D.D.C.2000). We find this argument without merit. We do not read the Air Force’s brief in Curtis to concede that fully qualified determinations could not derive from concluding that all records ranked above a single fully qualified record were also fully qualified. Rather, the Air Force was simply arguing against the plaintiffs allegation there that the promotion board applied a “best qualified” standard instead of the “fully qualified” standard articulated in § 616.
Major King next contends that the promotion board’s procedures did not meet either § 616(c)’s requirement that a “majority” of the promotion board recommend an officer for promotion, 10 U.S.C. § 616(c), or § 617(a)’s requirement that a majority of the board members “certify! ]” the list of officers recommended for promotion, 10 U.S.C. § 617(a). Essentially, Major King argues that §§ 616(c) and 617(a) require a knowing approval and certification by a majority of the board as a whole, and not just by the members on the sub-panel. We disagree. We specifically addressed and rejected Major King’s precise argument in Campa v. United States, where this court noted that in Small we held that a majority of board members need not have personal knowledge of those recommended for promotion. See Campa, 300 F.3d 1361, 1365 (Fed.Cir.2002) (citing Small, 158 F.3d at 581 (further citations omitted)). We also noted that our reasoning in Small “plainly” extended to section 617(a)’s certification requirement as well, concluding that “no future parties ... can reasonably assert that any term in § 616(c) or § 617(a) imposes a knowledge requirement.” Campa, 300 F.3d at 1366. Major King’s argument here thus fails.
Major King also claims that the Court of Federal Claims improperly disregarded evidence from Colonel Phelps, whose affidavit detailed various aspects of the promotion board process. As Colonel Phelps’ testimony is duplicative of the arguments made by Major King as to § 616’s “fully qualified” requirement and § 617’s certification requirement, we find it entirely reasonable that the Court of Federal Claims did not give particular weight to Colonel Phelps’ testimony.
Finally, Major King suggests that this court in Small improperly accorded Chevron deference to the Air Force’s interpretations of §§ 616 and 617. See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (holding that a court must defer to an agency’s construction of an ambiguous statute provided that the construction is “permissible”). We decline to revisit Small, which we apply with its full precedential weight today. See, e.g., Campa, 300 F.3d at 1366-67 (noting that en banc consideration would be necessary to overturn Small).
In sum, pursuant to Small and Campa, we agree with the Court of Federal Claims on the promotion issue, as we find that the Air Force promotion boards which considered Major King’s record in 1989 and 1990 *934 did not contravene either 10 U.S.C. §§ 616(c) or 617(a).

II. The Assignment Issue

Major King argues that the Court of Federal Claims erred in finding nonjusticiable the issue of his reassignment to Offutt Air Force Base. He asks us to find that his reassignment violated specifically (1) the Commander Involvement Program (“CIP”), a policy handbook applicable to Strategic Air Command in 1989; and (2) Air Force Regulation (“AFR”) 36-20. We disagree. We find persuasive the determination by the Court of Federal Claims that the CIP is merely a policy handbook that does not create any judicially enforceable remedies for Major King. See King, 50 Fed. Cl. at 711; see also Murphy v. United States, 993 F.2d 871, 872 (Fed.Cir.1993) (justiciability depends on “whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded” (quoting Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962))). Major King fails to forward any evidence to the contrary.
Moreover, the Air Force Personnel Center holds discretion as to assignment decisions, and Major King fails to show us otherwise. Thus, the Court of Federal Claims fairly characterized assignments and reassignments as “matters wholly internal to the military and inappropriate for judicial review.” King, 50 Fed. Cl. at 710; see also Orloffv. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953) (“The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army affairs as the Army must be scrupulous not to intervene in judicial matters.”); Murphy, 993 F.2d at 873 (“[Thousands of [] routine personnel decisions regularly made by the services ... are variously held nonjusticiable or beyond the competence or the jurisdiction of courts to wrestle with.” (quoting Voge v. United States, 844 F.2d 776, 780 (Fed.Cir.1988))).
Because we agree with the Court of Federal Claims that the Air Force promotion board method did not violate 10 U.S.C. §§ 616 and 617, and that the issue of Major King’s reassignment falls outside of the purview of the judiciary, we accordingly affirm the decision of the Court of Federal Claims.