**Julie A. DISTEFANO and Gregory W. Wilson, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5090.

United States Court of Appeals, Federal Circuit.

DECIDED: April 9, 2003.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

On September 30, 1998, Julie A. DiStefano and Gregory W. Wilson ("Plaintiffs") filed suit in the United States Court of Federal Claims, alleging that their failures to be promoted to the rank of Major in the United States Air Force in 1994 and 1995 and their subsequent involuntary separations from the service resulted from illegal selection board procedures. Plaintiffs now appeal the court's February 25, 2002 decision granting judgment in favor of the United States on the administrative record and ordering their complaint dismissed. *Distefano v. United States,* No. 98–764C (Fed.Cl. Feb. 25, 2002) ("*Distefano*"). We *affirm.*

## DISCUSSION

### I.

This is not the first time this case has been before us. On December 3, 1998, the Court of Federal Claims dismissed Plaintiffs' action based upon *Small v. United States,* 158 F.3d 576 (Fed.Cir.1998), in which we held that the use of a panel system in selecting officers for promotion does not contravene 10 U.S.C. §§ 616(c) and 617(a). Plaintiffs appealed the dismissal. Treating the dismissal as arising under RCFC 12(b)(4), we held that the court had improperly dismissed the action. *DiStefano v. United States,* No. 99–5046, slip op. at 3, 1999 WL 1289097 (Fed.Cir. Dec. 20, 1999). We pointed out that Plaintiffs "alleged several facts that, assuming them to be true, distinguish the 1985, 1986, and 1987 lieutenant colonel selection boards at issue in *Small* ... from the 1994 and 1995 major selection boards at issue in this case." *Id.* We therefore reversed the dismissal and remanded for further proceedings. *Id.*

On remand, the Court of Federal Claims asked Plaintiffs to address every allegation that distinguishes their case from *Small*. After considering all of the points raised by Plaintiffs, the court again dismissed their action on the ground that they were unable to distinguish their case from *Small*. *DiStefano*, slip op. at 6. Plaintiffs again appeal. We have jurisdiction pursuant to 28 U.S.C. 1295(a)(3).

## II.

■ We review *de novo* a decision of the Court of Federal Claims granting judgment on the administrative record. *See Dehne v. United States*, 970 F.2d 890, 892 (Fed.Cir.1992). On appeal, Plaintiffs argue that their case involves "distinguishing facts and legal issues that were not addressed or decided" in *Small*. (Plaintiffs' Brief at 11) In making this argument, they rely upon the July 13 and September 20, 2001 declarations of Kenneth D. Phelps, Jr., a retired Air Force colonel. In his declarations, Colonel Phelps states that he served on an Air Force lieutenant colonel selection board in 1991, that he did not know how the board President reviewed records, why records were returned for rescoring, what scores other members gave to the records, and which officers were being recommended by the panel as a whole.

Based upon the Phelps declarations, Plaintiffs argue that the selection process under which they were considered for promotion to Major was defective because "Colonel Phelps' testimony establishes that Air Force board members had no knowledge whatsoever about a majority of the officers who were under consideration, or about *any* of the officers who were ulti-

mately recommended." (Plaintiffs' Brief at 13–14) Aside from the fact that the Phelps declarations do not speak to what took place in the case of the 1994 and 1995 major selection boards, this argument was presented to this court and was rejected when the court decided *Small*. *See Small*, 158 F.3d at 580; *see also Campa v. United States*, 300 F.3d 1361, 1366 (Fed.Cir.2002) ("[I]t matters not that board members have 'no knowledge whatsoever about a majority of the officers' recommended for promotion. Put simply, the *Small* court made it abundantly clear that a majority of the board members need not have knowledge of all the officers recommend for promotion.").

In addition, Plaintiffs present a hypothetical mathematical argument to support their contention that the selection board process was defective because it could result in the promotion of persons not fully qualified for promotion. In presenting this argument, plaintiffs suggest the possibility that an individual may receive a higher score for order of merit than another individual, yet be considered less qualified for promotion. As the government points out by citation to pages 75–76 of the Joint Appendix, the same mathematical argument was presented in *Small* and rejected. *See Small*, 158 F.3d at 581 ("Mr. Small eloquently presents a variety of other arguments in support of his interpretation of these statutory provisions.... We have considered these arguments and find them unpersuasive as well.").[1]

■ Plaintiffs seek to distinguish *Small* by raising an additional argument. They argue that the selection board procedures violated paragraphs E(2)(n) and

---

1. To the extent Plaintiffs rely on *Curtis v. Peters*, 107 F.Supp.2d 1 (D.D.C.2000), to advance their hypothetical mathematical argument, we agree with the government that the position taken by the Air Force in *Curtis* did not somehow revive the mathematical formula argument that was rejected in *Small*.

F(2)(a)(1) of Department of Defense Directive 1320.12 (1992). This contention is without merit. Generally, the provisions in question prohibit anyone, especially the president of the selection board, from improperly influencing board proceedings or directing that particular officers be selected or non-selected. *See* Department of Defense Directive 1320.12(E)(2)(n), F(2)(a)(1) (1992). We fail to see how those provisions have been violated in this case, especially when Plaintiffs stated in their brief that they "do not accuse any board president of personal misconduct or wrongdoing." (Plaintiffs' Brief at 26) They simply offer the vague statement that "[t]heir complaint is with the overarching Air Force process, to which board presidents were undoubtedly faithful, that violated a superior Department of Defense Directive." (*Id.*)

Finally, plaintiffs devote the remainder of their brief to arguing that *Small* was wrongly decided. Aside from the fact that Plaintiffs have not persuaded us that there is error in *Small,* we are bound by *Small. See In re Am. Fertility Soc'y,* 188 F.3d 1341, 1347, 51 USPQ2d 1832, 1836 (Fed. Cir.1999) (holding that an earlier precedential decision is binding precedent on later panels) (citing *Newell Cos. v. Kenney Mfg. Co.,* 864 F.2d 757, 765, 9 USPQ2d 1417, 1423 (Fed.Cir.1988)).

For the foregoing reasons, the decision of the Court of Federal claims is affirmed.