**James ANTONELLIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 11–666C.**

United States Court of Federal Claims.

July 23, 2012.

Jeffrey A. Vogelman, Thomas, Ballenger, Vogelman & Turner P.C., Alexandria, VA, for Plaintiff.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom was Lt. Ian Santicola, General Litigation Division, Office of the Judge Advocate General, Department of the Navy, for Defendant.

## OPINION

DAMICH, Judge:

In this military pay case, Plaintiff James Antonellis, an officer of the United States Navy Reserve, alleges that he is entitled to back pay under the Military Pay Act, 37 U.S.C. § 206 (2006), because the Navy Reserve improperly failed to assign him a Selected Reserve pay billet. Between 2009 and 2011, he applied to 69 Selected Reserve pay billets, but he was not selected for one. Consequently, he remained on an unpaid billet. He alleges that the Navy Reserve failed to follow its own procedures in selecting officers, which resulted in his non-selection. Plaintiff alleges that jurisdiction is proper under the Tucker Act, 28 U.S.C. § 1491 (2006).

The Government has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. It argues that this Court lacks jurisdiction because Plaintiff was never assigned to a pay billet, and therefore, he cannot demonstrate that he is entitled to money damages, a predicate to this Court's Tucker Act jurisdiction. The Government also argues that Plaintiff has failed to state a claim for which relief can be granted because the Navy has discretion in matters of military assignment and therefore its decision not to select Plaintiff is nonjusticiable.

The Court finds that it has jurisdiction over Plaintiff's claims because he properly has alleged a cause of action under the Military Pay Act and is seeking money damages in the form of back pay. The Court finds, however, that Plaintiff's claim is nonjusticiable because there are no judicially enforceable standards against which the Court can

judge the Navy's billet selection decision. Therefore, the Court must grant the Government's motion to dismiss for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff has been a member of the United States Navy Reserve for more than twenty-five years. Compl. ¶ 4. Plaintiff holds the rank of Captain and has received several higher duty assignments. He has been called to active duty on a number of occasions, serving in Saudi Arabia and Qatar in support of Operations Southern Watch, Enduring Freedom, and Iraqi Freedom. *Id.* at ¶ 5. Additionally, he has been involuntarily mobilized twice to serve in a supporting capacity to high level civilian officials in the offices of the Secretary of the Navy, and he has received several by-name requests for positions of high responsibility and leadership. *Id.* at ¶¶ 5–6. By all accounts, Plaintiff has had a respectable and upstanding career with the Navy.

Plaintiff is part of the Ready Reserves, which is comprised of the Selected Reserve, which is a paid unit, and the Individual Ready Reserve ("IRR"), which is an unpaid unit. Between 2009 and 2011, Plaintiff was assigned to a Volunteer Training Unit ("VTU") in the IRR, which is a unit that drills regularly but does not pay. *Id.* at ¶¶ 7–9; BUPERSINST 1001.39F, Enclosure 1 at 1–2 (Sept. 17, 2007) (Def.'s Mot. Dismiss, Appx. ["Def.'s Appx."] at 28). Between 2009 and 2011, Plaintiff submitted 69 applications to be assigned a Selected Reserve billet but was not selected. Compl. ¶ 9.

As an officer, Plaintiff's applications for Selected Reserve billets were considered by the National Command and Senior Officer Non–Command Screening and Assignment Board ("APPLY Board" or "Board"). The APPLY Board is an administrative board that was established by the Commander of the Navy Reserve Force Command ("Commander") pursuant to a delegation of authority from the Secretary of the Navy.[1] The

---

1. The Secretary of the Navy has the authority to organize and administer the Navy and to assign, detail, and prescribe the duties of members of

the Navy. 10 U.S.C. § 5013 (2006). Through a series of delegations, the Secretary and the Navy Bureau of Personnel have delegated to the Com-

Board is governed by a policy guidance letter issued by the Commander, which the Government has filed as an appendix to its brief. *See* Def.'s Appx. at 1.

The APPLY Board is charged with selecting the best and fully qualified officers for appointment to billets. *Id.* at 1, 11. The Board performs this function by convening panels of its members to review applications for each category of billet. *See id.* at 1–7. The panels rate the officers based on a number of considerations specified by the Commander and then select the best officers for the available billets. *Id.* at 8–16.

## II.  DISCUSSION

The Government has moved to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. As explained below, the Court finds that it has jurisdiction over Plaintiff's complaint, but that the complaint must be dismissed for failure to state a claim.

### A.  Jurisdiction

Plaintiff alleges that he is entitled to back pay under § 206(a) of the Military Pay Act. Section 206(a) provides that "a member of a reserve component of a uniformed service who is not entitled to basic pay [for active duty service] under § 204 of this title, is entitled to compensation . . . for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours . . .; [and] for the performance of such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe." Plaintiff asserts that he wrongfully was denied a pay billet. He seeks back pay in excess of $64,700 for "drilling and active performance he performed and would have performed" with a paid billet but for his assignment to an unpaid VTU unit between 2009 and 2011. Compl. ¶ 11.

The Government asserts this Court lacks jurisdiction because Plaintiff is seeking back pay for a position to which he was not appointed, and therefore, he cannot establish entitlement to money damages, which is a predicate to this Court's Tucker Act jurisdiction. Def.'s Mot. Dismiss at 8. The Government argues that § 206 mandates pay only for drills actually performed with a paid billet, that Plaintiff did not perform any training that was part of a paid billet, and consequently, that Plaintiff cannot establish entitlement to pay. *Id.* at 9.

The Tucker Act grants this Court jurisdiction over monetary actions against the United States founded upon a money-mandating source of substantive law. § 1491(a)(1). The Tucker Act is only a jurisdictional statute and does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Jurisdiction is proper where a plaintiff makes a claim for money damages based on a "money-mandating" source of substantive law and alleges that he is "within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. FAA,* 525 F.3d 1299, 1309 (Fed.Cir.2008); *Fisher v. United States,* 402 F.3d 1167, 1173, 1175 (Fed.Cir.2005) (en banc in relevant part).

■ "[T]he distinction between subject matter jurisdiction and the essential elements of a claim for relief" is often conflated. *Engage Learning, Inc. v. Salazar,* 660 F.3d 1346, 1353 (Fed.Cir.2011); *see also Ralston Steel Corp. v. United States,* 340 F.2d 663, 667 (Ct.Cl.1965). Where a plaintiff has failed to demonstrate a substantive right to damages from the United States, the proper course is a dismissal under RCFC 12(b)(6) for failure to state a claim. *Banks v. Garrett,* 901 F.2d 1084, 1087 (Fed.Cir.1990).

■ To establish jurisdiction, Plaintiff must allege that he is entitled to money damages under a money-mandating source of

_____

mander the authority to establish a policy for billet and command assignments to the Selected Reserves. BUPERSINST 1001.39F, Enclosure 1 at 10–3 to 10–4. The Commander has established that policy by creating the APPLY Board. Def.'s Appx. at 1.

law and that he is within the class of plaintiffs entitled to relief. For the purposes of the Tucker Act, the Military Pay Act is a money-mandating source, and Plaintiff, as a member of the Navy Reserve, is within the class of plaintiffs entitled to relief under the Military Pay Act. Plaintiff has alleged that he is entitled to monetary relief—back pay— under the Military Pay Act; that is sufficient to establish jurisdiction. Although the Government argues that Plaintiff cannot establish that he is entitled to money damages because he cannot prove each element of his claim, that argument is irrelevant for jurisdiction.

## B. Failure to State a Claim

The Government argues that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted because Navy personnel decisions are nonjusticiable. The Government contends that Plaintiff's claim is nonjusticiable because personnel assignments are left to the discretion of the Navy and there are no justiciable standards that govern billet selection. Def.'s Mot. Dismiss at 6. It argues that any review of the APPLY Board's decisions would necessitate a substantive re-review of the records of all the applicants to those billets and such review would intrude upon military discretion. Def.'s Reply at 2–3. The Government argues that, although Plaintiff characterizes his claim as challenging the procedure the Navy used to evaluate his application, Plaintiff actually is contesting the Navy's underlying substantive determination. *Id.*

Plaintiff alleges that the Navy failed to select him for a Selected Reserve pay billet because the "Board has failed to follow its own instructions and standards and did not properly consider Plaintiff's service record and accomplishments." Compl. ¶ 10. Specifically, Plaintiff alleges that by reason of his "successful performance during two deployments in combat zones, two involuntary mobilization, and outstanding ratings in his Fitness reports" he "has been clearly entitled to a pay billet." *Id.* at ¶¶ 7–8. Plaintiff asserts that, according to Board policy, he was eligible for special consideration by virtue of having been deployed on several assignments in

direct support of the Global War on Terror. Pl.'s Resp. at 8–9. Plaintiff alleges that his nonselection is evidence that the Board did not consider the appropriate factors, and the Court can determine whether the Board gave proper consideration to his qualifications. *Id.* at 9–10.

■ Where a claim is nonjusticiable, the appropriate action is for a court to dismiss the claim for failure to state a claim upon which relief can be granted. *See Murphy v. United States*, 993 F.2d 871, 872–73 (Fed.Cir. 1993). "Justiciability is distinct from jurisdiction; it depends on 'whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded.'" *Id.* at 872 (quoting *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). "In deciding a motion to dismiss for failure to state a claim, the trial court must accept as true the factual allegations in the complaint." *Engage Learning*, 660 F.3d at 1355.

■ An issue is nonjusticiable if there are no clear "tests and standards which [the courts] can soundly administer within their special field of competence." *Voge v. United States*, 844 F.2d 776, 780 (Fed.Cir.1988). Where the law grants the military discretion in a matter, the military's exercise of that discretion is a nonjusticiable question. *Id.* at 779–80; *see Orloff v. Willoughby*, 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed. 842 (1953) ("Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate [military] matters as the [military] must be scrupulous not to intervene in judicial matters.").

The Federal Circuit has recognized that "there are 'thousands of routine personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence or the jurisdiction of courts to wrestle with.'" *Murphy*, 993 F.2d at 873 (quoting *Voge*, 844 F.2d at 780). "[J]udicial review is only appropriate where the Secretary's discretion is limited, and Congress has established 'tests and standards' against which the court can measure his conduct." *Murphy*, 993 F.2d at 873; *see King v. United States*, 50 Fed.Cl. 701 (2001),

*aff'd* 53 Fed.Appx. 930 (Fed.Cir.2002) ("Only if the military binds itself to judicially enforceable procedures can this court become involved"). That is to say, "a challenge to the particular *procedure* followed in rendering a military decision may present a justiciable controversy," while "the *merits* of a decision [are] committed wholly to the discretion of the military, [and] are not subject to judicial review." *Adkins v. United States*, 68 F.3d 1317, 1323 (Fed.Cir.1995) (emphasis in original).

■ The APPLY Board is charged by the Commander[2] with ensuring that each billet assignment goes to the "best and fully qualified" officer. Def.'s Appx. at 13. The Board is to determine "the best match for the preference and qualifications of the Officer, the mission of the unit, and the requirements of the Supported command and billet." *Id.* The Commander's guidance to the Board is that "the definitive measure of fitness for assignment" is whether the officer has demonstrated "proven and sustained superior performance" in challenging assignments. *Id.* The Board also is directed to incorporate into its decision a number of special considerations, including giving favorable consideration to officers who were mobilized in 2008 and who have displayed "superior performance" while serving in assignments supporting of "the Global War on Terror." *Id.* at 14.

Plaintiff's allegation is that the Board failed to follow its own procedures by not giving proper consideration to his experience. The Commander's guidance lists the factors the Board should consider, but it does not specify the weight to be given to each factor or any kind of objective standard the Board should use to make an overall rating of an officer or to match an officer to a billet. Instead, it calls for the Board to make a subjective determination of which officers are the "best" qualified and the "best match" for each billet, and it leaves the method for making that determination to the discretion of the Board. That type of subjective decision is best made by the military, and it is not the sort of decision that the Court is

equipped to make. "Judges are not given the task of running the [military]...." *Orloff*, 345 U.S. at 93–94, 73 S.Ct. 534. The proper consideration to be given to Plaintiff's experience is not a question of procedure but a question of merit.

Because the Navy's billet assignment decision is committed to the Navy's discretion, Plaintiff's claim is nonjusticiable. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED** and its Motion to Dismiss for failure to state a claim upon which relief can be granted is **GRANTED.** The Clerk is directed to enter judgment accordingly.

2. For the purposes of this decision, the Court assumes, without deciding, that the guidance issued by the Commander is a binding procedural standard.